UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS CASTRO-SANCHEZ

v.

CASE NO.: 8:10-cv-00509-EAK-TBM
CASE NO.: 8:06-cr-00057-EAK-TBM

UNITED STATES OF AMERICA

_____/

## ORDER

THIS cause is before the Court on Jesus Castro-Sanchez's 28 U.S.C. § 2255 untimely Motion to Vacate, Set Aside, or Correct Sentence (hereafter Motion) (Doc. Cv-1) and the government's response thereto (Doc. Cv-7).[1] Although the Court allowed Castro-Sanchez 25 days to file a reply to the government's response, he did not do so. (Doc. Cv-5). A review of the record demonstrates that, for the reasons cited below, the Motion must be **DENIED.**

## BACKGROUND

On January 17, 2006, the Lakeland Police Department arrested Castro-Sanchez in Polk County, Florida, for possession of methamphetamine with intent to sell and deliver (Doc. Cr-1 at 3, Cr-2); however, he was never indicted for this offense by the state attorney's office. (Doc. Cv-1 at 8).

On February 9, 2006, the United States Attorney's Office for the Middle District of Florida indicted Castro-Sanchez on two counts, Count Two of which charged him charging him

---

[1] Docket references to 8:10-cv-00509-EAK-TBM will be denoted herein as "(Doc. Cv-__)" and the appropriate docket number. Docket references to 8:06-cr-00057-EAK-TBM-1 will be denoted as "(Doc. Cr-__)" and the appropriate docket number.

with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 841(b)(1)(B)(vii). (Doc. Cr-3). On March 2, 2007, Castro-Sanchez pled guilty pursuant in a written plea agreement to Count Two of the Indictment. (Doc. Cr-32 at 1).[2] Thereafter, this Court accepted Castro-Sanchez's guilty plea and adjudicated him guilty. (Doc. Cr-41). Castro-Sanchez was sentenced to imprisonment for a total term of 240 months to be followed by 120 months of supervised release. (Doc. Cr-43). The Judgment was entered on July 23, 2007 (Doc. Cr-44). Castro-Sanchez did not appeal his conviction and sentence.

On February 24, 2010, Castro-Sanchez, proceeding *pro se*, filed a motion with this Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Doc. Cv-1). In essence, Castro-Sanchez alleges that this Court exceeded the scope of its jurisdiction. (Doc. Cv-1 at 9-10). As a basis for attack on the Court's jurisdiction, Castro-Sanchez contends this Court took control over the state criminal case (1) "without filing a removal petition pursuant to 28 U.S.C. 1446(e)", and (2) before dismissing the Polk County charges, the absence of which inappropriately caused this Court to "have the same subject matter jurisdiction, based on the same transaction of events" as the prior Polk County prosecution, which was, and still is, pending in state court at the same time the federal proceedings were pending in this Court. (Doc. Cv-1 at 10-16).

## CASTRO-SANCHEZ'S MOTION IS TIME BARRED BY THE AEDPA ONE-YEAR STATUTE OF LIMITATIONS

Title 28, United States Code, Section 2255 provides that postconviction relief sought by a prisoner in custody under sentence of a federal court is permissible under four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the

---

[2] Subsequently, Count One was dismissed on the government's motion. (Doc. Cr-43 at 1, 3).

2

court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, Congress enacted the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), effective in 1996, which amended 28 U.S.C. § 2255 and imposed a specific time limit within which a prisoner was required to file a section 2255 motion attacking a sentence on any of these four grounds. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). The one-year statute of limitations period applicable to a section 2255 motion runs from the latest of the following events:

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

Although Castro-Sanchez alleges that this Court was without jurisdiction to impose his sentence (Doc. Cv-1), a proper ground upon which to bring a section 2255 motion, his Motion and the records of this case clearly confirm that the Motion was filed outside of the one-year limitation period. When a defendant does not pursue direct appeal, as in this case, his judgment of conviction becomes final when the time for filing a direct appeal expires, *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), which is ten days after the written judgment of conviction was entered on the criminal docket. *See* FED. R. APP. P. 4(b)(1)(A)(i) (amended

3

Case 8:06-cr-00057-EAK-TBM   Document 50   Filed 08/09/10   Page 4 of 11 PageID 132

2009).[3] Since a direct appeal was not pursued in this case, the running of the statute of limitations was triggered on the date Castro-Sanchez's sentence became final, August 2, 2007, giving him until August 3, 2008,[4] to timely file his section 2255 Motion. Castro-Sanchez's Motion, however, was filed on February 24, 2010, well over a year past the filing deadline, and, therefore, is untimely.

Nevertheless, admitting his Motion was filed past the deadline, Castro-Sanchez maintains "this is to no avail, since a challenge to jurisdiction can be made at any time." (Doc. Cv-1 at 9). The Eleventh Circuit does not agree. In an unpublished opinion,[5] the Eleventh Circuit held that the one-year limit for filing 28 U.S.C. § 2255 motions applies even though the prisoner's claim is an attack on the district court's jurisdiction. *Williams v. United States*, No. 09-16114l, 2010 U.S. App. LEXIS 12832 at *5 (11th Cir. June 21, 2010) (concluding that the one-year limit applied even though the inmate claimed the district court lacked jurisdiction to impose the enhanced sentence because government's notice of enhancement did not comply with 21 U.S.C. § 851(a)(1), and Fed. R. Crim. P. 12(b)(3)(B) could not be used to circumvent section 2255's procedural requirements); *cf.* U.S.C.S. SEC. 2255 PROC. R. 12 (the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure, to the extent that they are inconsistent with any statutory provision or rule of section 2255, may not be applied to a proceeding under these

---

[3] On the date the judgment was entered in this case, the time set in Rule 4(b)(1)(A) for a notice of appeal was ten days after the entry of the judgment; however, an amendment to Rule 4(b)(1)(A), effective 2009, revised the time limitation to 14 days. FED. R. APP. P. 4 advisory committee note.

[4] In computing any period of time prescribed by any applicable statute, the day of the event or default from which the designated period of time begins to run shall not be included. *See* FED. R. CIV. P. 6(a).

[5] Although not controlling, unpublished reports provide persuasive authority in the 11th Circuit. U.S. Ct. App. 11th Cir. Rule 36-2.

4

rules). As mentioned, 28 U.S.C. § 2255 specifically includes jurisdictional challenges in its enumeration of grounds for relief that may be asserted under the statute; however, nothing in the statutory language suggests that jurisdictional challenges are exempt from the one-year limitations period that applies to a motion under this statute. *See* 28 U.S.C. §§ 2255(a), 2255(f); *see also Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (holding that jurisdiction claims under section 2255 are subject to one-year limit).

Therefore, the statute of limitations for filing a section 2255 motion may not be circumvented even though Castro Sanchez's claim is a jurisdictional attack; a challenge to jurisdiction may not be raised at any time, but, rather, must comply with the procedural requirements of the 28 U.S.C. § 2255. Since the one-year limitation period had expired at the time the Motion was filed, Castro-Sanchez's Motion is time-barred unless he is entitled to equitable tolling.

## I.  EQUITABLE TOLLING

The Eleventh Circuit has held that, in the proper case, the one-year statute of limitations is subject to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002). Equitable tolling excuses a movant's untimely filing because of extraordinary circumstances that are both (1) beyond his control, and (2) unavoidable even with diligence. It is the burden of the movant to show circumstances that meet both elements in order to prove entitlement to equitable tolling. *Lawrence v. Florida*, 125 S. Ct. 1079, 1085 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Williams v. United States*, 491 F.3d 1282, 1284-85 (11th Cir. 2007) (citation omitted); *see also Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (the time bar can be tolled only if the extraordinary circumstances beyond the prisoner's control make it impossible to file a motion on time); *see Miller v. Florida*, 307 Fed. App'x 366, 368

(11th Cir. 2009). The extraordinary circumstances standard focuses on the circumstances surrounding the tardiness of the filing, not the underlying conviction. *Heldon v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

Furthermore, the remedy, being extraordinary, is not available in most cases, and courts have applied equitable tolling sparingly. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). The Supreme Court has limited the circumstances in which a claimant may invoke equitable tolling principles to the following: (1) the claimant had inadequate notice; (2) the claimant thought he had met all of the requirements; or (3) the claimant's adversary lulled him into inaction through affirmative misconduct. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Moreover, binding precedent has established that mere "excusable neglect" is not sufficient to toll the time bar, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), nor is ignorance of the law or filing deadline by one who is unlearned in the law with a limited educational background an excuse for tardy filings. *Diaz v. United States*, No. 09-22655, 2010 U.S. Dist. LEXIS 77387 at *8 (S.D. Fla. July 6, 2010) (unpublished) (citing the 5th and 9th Circuits). Additionally, equitable tolling was also inappropriate where there was a delay by the Postal Service, *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); where the law library was inaccessible; or where there was a constitutionally permissible period of prison lockdown. *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000).

While Castro-Sanchez conceded the tardiness of his Motion, he failed to argue or even mention the issue of equitable tolling, and cannot satisfy his burden of demonstrating that application of this equitable principle is proper. Although *pro se* filings are entitled to liberal construction, *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000), Castro-Sanchez has not shown that he lacked access to this Court, or was somehow impeded from meeting the

one-year filing deadline provision of section 2255. The only facts regarding the filing of the Motion of which the Court is aware is that the Motion was filed on February 24, 2010, and the filing date exceeded the expiration date of the limitations period by over a year. (Doc. Cv-1). The one-year limitations deadline is a strict deadline intended to create finality for the judicial system. *See Dodd v. United States*, 365 F.3d 1273, 1279 (11th Cir. 2004). Thus, even a few days delay beyond the one-year limit is grounds for denying a motion. *Close v. United States*, 336 F.3d 1283 (11th Cir. 2003). Castro-Sanchez has not shown that extraordinary circumstances beyond his control precluded his timely filing, or that he was unable to file the Motion despite his due diligence; therefore, he is not entitled to equitable tolling.

## II. MERITS

Finally, even if Castro-Sanchez's Motion was not time-barred, he cannot prevail on the merits of his claims. Castro-Sanchez claims that had removal papers been filed, or, in the alternative, had the state criminal action been dismissed, this Court would have been acting within its jurisdiction in regard to his federal criminal prosecution. (Doc. Cv-1 at 11). However, Castro-Sanchez argues that because neither event occurred, this Court exceeded the scope of its jurisdiction by violating "the rule that two courts cannot have the same subject matter jurisdiction, based upon the same transaction of events, ... pending in two different courts, at the same time[.]" (Doc. Cv-1 at 10).

### A. Removal

First, Castro-Sanchez alleges that this Court took control over the state criminal case without filing a removal petition pursuant to 28 U.S.C. 1446(e) (Doc. Cv-1 at 9-16); however, a removal petition was both inappropriate and unnecessary in the instant case. Castro-Sanchez's state criminal proceedings could not be removed under 28 U.S.C. §§ 1442 nor 1443. Title 28,

7

Section 1442 authorizes removal of state criminal proceedings to federal court by the defendant where a federal officer is prosecuted for an act under color of federal law. 28 U.S.C. § 1442(a). Alternatively, 28 U.S.C. § 1443 allows for a removal by the defendant to federal court where the state criminal prosecution is for an act under color of authority derived from a law providing for equal protection rights. 28 U.S.C. § 1443(2). The mechanics of removing a case from state court to federal court are stated in 28 U.S.C. § 1446. However, the state criminal case did not qualify for removal to federal court because Castro-Sanchez was not, and is not, a federal official and his criminal prosecution did not involve equal protection rights; therefore, section 1446 is inapplicable in this case.

Nevertheless, it was not necessary that the "removal papers" be filed and the state criminal case be removed to federal court in order for this Court to take "control over" the case without exceeding the scope of its jurisdiction (Doc. Cv-1 at 9, 11). Castro-Sanchez could have been indicted and subject to concurrent criminal proceedings in both state and federal court without either court exceeding the scope of its jurisdiction since Castro-Sanchez violated both Florida and federal law, which is discussed further below.

**B. Dual Sovereignty Doctrine**

Second, Castro-Sanchez claims that this Court took control over the state criminal case before dismissing the Polk County charges that are still pending (Doc. Cv-1 at 9-16); however, not only is this false, but, even if true, would not be dispositive. Castro-Sanchez's charges in Polk County are not currently pending; rather they were dropped or abandoned on February 17, 2006. (Doc. Cv-7-1 at 1). Although the Polk County charges were dismissed shortly after Castro-Sanchez was indicted by this Court on February 9, 2006, the federal prosecution still stands.

According to the dual sovereignty doctrine, two separate sovereigns, such as the state and federal governments, may prosecute an individual for the same act without violating the prohibition against double jeopardy if the individual breaks the laws of each sovereign, and, thus, by one act has committed two offenses. *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *see Finch v. Vaughn*, 67 F.3d 909, 915 (11th Cir. 1995). If the sovereigns draw their authority from distinct sources of power, then the offender may be punished by each entity. *Id.*

In the instant case, Castro-Sanchez violated both Florida and federal law. At the state level, Castro-Sanchez was charged with, among other things, possession with intent to sell or deliver methamphetamine pursuant to Florida Statute § 893.13(1). (Doc. Cv-7-1 at 1). This Court indicted him for the same crime, possession with the intent to distribute a substance or mixture containing methamphetamine, in violation of federal law, namely 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(vii). Therefore, the state and federal courts drew their authority from their own distinct laws; and Castro-Sanchez, by one act—possessing with the intent to distribute methamphetamine—committed two offenses, one against each sovereign. Therefore, each sovereign may punish him in accordance with the dual sovereignty doctrine.

The United States Constitution bestows federal jurisdiction over all cases in law and equity arising under this Constitution, the laws of the United States, and controversies to which the United States is a party. U.S. Const. art. III, § 2. Subject matter jurisdiction is the "courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Furthermore, pursuant to 18 U.S.C. § 3231, district courts of the United States have exclusive original jurisdiction of all offenses against the laws of the United States. Violations of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(B)(vii) are violations of federal law; therefore, this Court had jurisdiction to preside over Castro-Sanchez's case.[6]

Accordingly, even if Castro-Sanchez's Motion was not time-barred, his claims have no merit. Removal is inapplicable in this case, and, thus, the argument that a removal petition was not filed pursuant to section 1446(e) is moot. Although the state and federal charges were based on the same event, the state and federal courts had jurisdiction to adjudicate the case based on state and federal statutory authority. As such, the scope of this Court's jurisdiction was not exceeded, and Castro-Sanchez's argument fails.

In conclusion, the filing of Castro-Sanchez's section 2255 Motion is undisputedly untimely, and jurisdictional challenges are not exempt from the statute's one-year limitations period. Furthermore, Castro-Sanchez identifies no reason for missing the section 2255 filing deadline, which had expired well over a year prior to the date he filed his Motion. He has not met his burden to show that he is entitled to equitable tolling. He has not alleged and cannot show any set of circumstances that were both beyond his control and unavoidable even with due diligence as is required to demonstrate the applicability of equitable tolling. Accordingly it is:

**ORDERED** that Castro-Sanchez's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. Cv-1; Cr-45) is **DENIED**. The Clerk is directed to enter judgment against Castro-Sanchez in the civil case and to close that case.

---

[6] *Harris v. United States*, 149 F.3d 1304, 1305 (11th Cir. 1998), does not afford Castro-Sanchez relief. In *Harris*, where the defendant claimed that the district court lacked jurisdiction to impose a sentence enhancement when the government did not comply with the procedural notice requirements of 21 U.S.C. § 851(a)(1), the Eleventh Circuit held that this jurisdictional challenge to the application of section 851 could be raised in a section 2255 proceeding even though it had not been raised at trial or on appeal. *Id.* at 1304, 1307-09. Castro-Sanchez cannot make and had not made a similar claim; his notice was filed prior to his plea agreement and he did not object at sentencing. (Doc. Cr-26, Cr-32, Cr-46 at 4).

Case 8:06-cr-00057-EAK-TBM   Document 50   Filed 08/09/10   Page 11 of 11 PageID 139

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Castro-Sanchez is not entitled to a certificate of appealability. A prisoner seeking a section 2255 motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ... only if the applicant had made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Castro-Sanchez had not made a showing of the requisite requirement in these circumstances. Castro Sanchez is not entitled to a certificate of appealability, and, thus, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 9th day of August, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record.