UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.: 8:06-cr-57-VMC-TBM

JESUS CASTRO-SANCHEZ

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Jesus Castro-Sanchez's pro se "Motion under 18 U.S.C. § 3582(c)(1)(A) and (i) Compassionate Release or Reduction of Sentence under Section 3553(a) Factors, Warrant a Reduction" (Doc. # 68), filed on February 12, 2021. The United States of America responded on March 8, 2021. (Doc. # 71). For the reasons that follow, the Motion is denied.

**I.  Background**

In July 2007, Castro-Sanchez was sentenced to 240 months' imprisonment for possession with intent to distribute 50 grams or more of methamphetamine and 50 grams or more of a mixture containing methamphetamine. (Doc. ## 43, 44). Castro-Sanchez is 43 years old and is expected to be released in November 2024. (Doc. # 71 at 3).

1

In his Motion, Castro-Sanchez seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, an alleged sentencing disparity between him and others convicted of similar crimes, the imposition of the Armed Career Criminal Act enhancement, his counsel's allegedly being ineffective at sentencing, and his desire to care for his parents who have previously been infected with COVID-19. (Doc. # 68). The United States has responded (Doc. # 71), and the Motion is ripe for review.

## II. Discussion

The United States argues that the Motion should be denied on its merits. (Doc. # 71). Assuming that Castro-Sanchez has exhausted his administrative remedies, the Court agrees with the United States and denies the Motion because Castro-Sanchez's circumstances are not extraordinary and compelling.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the

limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Castro-Sanchez is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Castro-Sanchez bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially

3

considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And Castro-Sanchez has not established that he suffers from a medical condition that warrants compassionate release.

Additionally, Castro-Sanchez's family circumstances do not constitute an extraordinary and compelling reason for compassionate release. Castro-Sanchez notes that his parents, who are 63 years old and 72 years old, have twice been infected with COVID-19. (Doc. # 68 at 33). He provides copies of their positive test results for COVID-19 from September 2020 — over six months ago. (Id. at 36-37). However, Castro-Sanchez has not provided evidence that his parents have been incapacitated by their infections, which appear to have occurred multiple months ago, such that they require assistance. While the Court sympathizes with Castro-Sanchez's situation, his desire to be reunited with and care for his parents does not warrant compassionate release. See United States v. Greene, No. 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Maine Aug. 4, 2020)(finding that a need to care for an inmate's blind, elderly mother, who had a serious heart condition, does not constitute an extraordinary and compelling circumstance warranting compassionate release).

4

Nor is the Court persuaded by Castro-Sanchez's complaints about his conviction and sentence, including the length of his sentence and the imposition of the ACCA enhancement. See United States v. Allen, No. 8:10-cr-148-VMC-MAP, 2021 WL 252383, at *1 (M.D. Fla. Jan. 26, 2021)(finding that inmate had not established an extraordinary and compelling reason for compassionate release where he complained that "his advisory guidelines range should have been lower, and he should not have been sentenced as an armed career criminal"). Castro-Sanchez's arguments do not come close in degree of seriousness to the examples of extraordinary and compelling circumstances outlined by the Sentencing Commission. Also, notably, Castro-Sanchez has had the opportunity to raise such legal arguments through proper means; indeed, the Court has already ruled on his Section 2255 petition and his motion for retroactive application of the Sentencing Guidelines pursuant to Amendment 782. (Doc. ## 50, 66).

Thus, Castro-Sanchez's claims of alleged legal errors do no warrant compassionate release. See, e.g., United States v. Lisi, No. 15 CR. 457 (KPF), 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020)("[T]he Court believes that it would be both improper and inconsistent with the First Step Act to allow

5

Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition."), reconsideration denied, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020); United States v. Rivernider, No. 3:10-CR-222(RNC), 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020)("[N]obody has suggested that the 'extraordinary and compelling' standard can be satisfied by claims of legal error or other alleged wrongs that are cognizable on direct appeal from a conviction or by means of a habeas corpus petition.").

Even if Castro-Sanchez had established an extraordinary and compelling reason for compassionate release, this Court would still deny his Motion. Castro-Sanchez has not shown that he "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, the 18 U.S.C. § 3553(a) factors do not support a reduction in sentence. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that "the [Section] 3553(a) factors disfavor a sentence reduction," given that Castro-Sanchez "had a prior drug felony at the time of his sentencing and committed a serious drug offense

6

in the instant case, after he had returned from being deported to Mexico." (Doc. # 71 at 14). Therefore, compassionate release must be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Jesus Castro-Sanchez's pro se "Motion under 18 U.S.C. § 3582(c)(1)(A) and (i) Compassionate Release or Reduction of Sentence under Section 3553(a) Factors, Warrant a Reduction" (Doc. # 68) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of March, 2021.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE